UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RICHARD E. O'CONNELL, as Trustee in
Bankruptcy of Carlos and Maria Lopez,

                        Appellant,

-against-

JPMORGAN CHASE BANK NATIONAL
ASSOCIATION,

                        Appellees.
-----------------------------------------------------------x

MEMORANDUM & ORDER

12-CV-1951 (ENV)

VITALIANO, D.J.

       On April 12, 2010, Carlos and Marla Lopez ("debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York. The case was converted to a Chapter 7 liquidation, and Richard O'Connell was appointed Trustee. On July 22, 2010, the Trustee instituted an adversary proceeding against JPMorgan Chase Bank National Association ("Chase") seeking to avoid and preserve for the benefit of the estate a senior mortgage ("First Mortgage") held by Chase. The First Mortgage, it is not questioned, had been improperly recorded pre-petition. The filing deficiency was later corrected, but the correction was made after the bankruptcy proceedings had been commenced. The Trustee claims status, under controlling New York law, as a bona fide purchaser of real property without knowledge of the First Mortgage as of the commencement of bankruptcy proceedings. The Trustee also claims that the post-petition correction in the First Mortgage's recordation amounts to an impermissible post-petition transfer of an asset of the bankruptcy estate. Chase moved to dismiss the adversary proceeding. On February 21, 2012, United States Bankruptcy Judge Jerome Feller found in favor of Chase, denying the Trustee's motion to avoid

1

the First Mortgage and granting Chase's motion to dismiss the complaint. See In re Lopez, No. 1-10-43115-JF, 2012 WL 566265 (Bankr. E.D.N.Y. Feb. 21, 2012). This appeal followed.

BACKGROUND

Debtors acquired title to a residential property located at 30-36 84th Street in East Elmhurst, New York ("84th Street Property") on September 8, 2004. The purchase was financed by the First Mortgage in the amount of $280,000. On December 3, 2004, Chase attempted to record the First Mortgage. Property records from the City Register of the City of New York, Queens County list the 84th Street Property as "Block 1381, Lot 23," but the cover page for the City Register and Endorsement erroneously described the property as "Block 1381, Lot 2." Block 1381, Lot 2 is located at 30-05 83rd Street, also in East Elmhurst ("83rd Street Property"). In filing the recording, the City Register apparently used the erroneous description from the cover page. The First Mortgage, as a consequence, was incorrectly recorded against the 83rd Street Property (despite the First Mortgage's actual language) while the 84th Street Property was unencumbered.

On March 6, 2006, Chase doubled down, granting debtors a $200,000 home equity line of credit, secured by a Second Mortgage on the 84th Street Property. The Second Mortgage makes multiple and unmistakable references to the existence of a prior lien on the 84th Street Property. This time, the loan documents were correctly recorded against Block 1381, Lot 23 on March 24, 2006. Critically, pages 1 and 3 of the properly recorded Second Mortgage reference "Existing Indebtedness." Page 3 specifically acknowledges an "existing obligation [having] a current principal balance of approximately $275,374."

At the time the debtors commenced their bankruptcy action on April 12, 2010, only one of the two Chase mortgages, the Second Mortgage, was properly recorded as encumbering the 84th Street Property. There is no dispute, however, that debtors loan repayment obligations on the First Mortgage were outstanding. After the bankruptcy petition was docketed, on or about June 25, 2010, the City Register—upon a written request from Chase—corrected the prior recording error to reflect the First Mortgage as encumbering Block 1381, Lot 23. Less than one month later, on July 22, 2010, the Trustee instituted an adversary proceeding against Chase seeking to avoid and preserve for the benefit of the estate the First Mortgage interest. The gravamen of the Trustee's argument, reasserted on appeal, was that, due to the recording error, the Trustee was entitled to the status of a bona fide purchaser of real property without knowledge of the First Mortgage. Additionally, the Trustee claimed Chase's correction to the recordation of the First Mortgage constituted an impermissible post-petition transfer. Chase maintains that the First Mortgage properly encumbered the residence and could not be avoided by the Trustee on the ground that the Second Mortgage had given him prior constructive notice of the First Mortgage and, therefore, that the Trustee did not qualify as a good faith bona fide purchaser without notice. The Trustee appeals from Judge Feller's decision in Chase's favor.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Bankruptcy Procedure 8013, on appeal from the order, judgment or decree of the bankruptcy court, the district court may "affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." The bankruptcy court's findings of fact will not be disturbed unless clearly erroneous; due regard shall be given to the opportunity of the bankruptcy court to judge the

credibility of the witnesses. Id.; Brunner v. N.Y. State Higher Educ. Svcs. Corp., 831 F.2d 395, 396 (2d Cir. 1987) (*per curiam*). The district court reviews the bankruptcy court's conclusions of law *de novo*. Brunner, 831 F.2d at 396.

## DISCUSSION

The Trustee argues that the bankruptcy court erred in denying him bona fide purchaser status under New York Real Property Law § 291-e ("RPL"), which determines the extent of the Trustee's rights in debtors' residential property under § 544 (a) of the Bankruptcy Code.

Section 544 (a) grants a trustee unique "strong arm" powers of avoidance with respect to certain obligations incurred by a debtor. 11 U.S.C. § 544(a). Specifically, § 544 (a)(3) authorizes a trustee to take on the rights and powers of a bona fide purchaser of real property in order to avoid "any transfer of property of the debtor or any obligation incurred by the debtor. . ." Id. It is not disputed, moreover, that the question of whether or not a trustee constitutes a bona fide purchaser is a matter to be determined by state law. McKenzie v. Irving Trust Co., 323 U.S. 365, 371 (1945); see, In re Rodriguez, 261 B.R. 92, 94, (Bankr. E.D.N.Y. 2001); In re Hardway Rest., Inc., 31 B.R. 322, 327 (Bankr. S.D.N.Y. 1983); see also, McCannon v. Marston, 679 F.2d 13, 16 (3d Cir. 1982); 4 Collier on Bankruptcy § 544.02 at 544–7 to 544–9 (15th ed. 1982). In New York, a bona fide purchaser must have purchased real property (1) in good faith (2) for valuable consideration and (3) without notice of a cloud, impediment, or defect in title that is advanced to challenge the bona fides of a purchase. See In re Hardway 31 B.R. at 322. At bar, the spotlight is on the third element, that is, whether or not the Trustee was on notice of the First Mortgage is the critical matter at issue in determining the Trustee's bona fide purchaser status.

4

Notice can be effected, of course, by the recording of the conveyance. RPL § 291-e is the applicable recording statute. It provides in relevant part:

> A conveyance of real property within the state. . . may be recorded in the office of the clerk of the country where such property is situated. . . . Every such conveyance not recorded is void as against any person who subsequently purchase . . . the same real property . . . in good faith and for valuable consideration from the same vendor. . . .

Under this provision, a subsequent good faith purchaser without notice can avoid a prior unrecorded conveyance of title or interest, including a mortgage interest, to another purchaser or transferee. See Andy Assoc., Inc. v. Bankers Trust Co., 49 N.Y.2d 13, 16-17 (1979). In line with this provision, in order to defeat the claim of a would-be bona fide purchaser where the countervailing interest is not recorded, it is necessary to prove that the purchaser had either actual or constructive notice. In the bankruptcy context, though, since a trustee is a hypothetical purchaser taking on the status of a bona fide purchaser without notice, his actual personal prior notice of the transfer subject to avoidance is immaterial. See Pereira v. Ruggerite, Inc., 03 CIV. 1071 (TPG), 2004 WL 324847 (S.D.N.Y. Feb. 19, 2004) ("In determining whether the trustee becomes a bona fide purchaser, no regard is paid to any actual knowledge of the trustee or any creditor."). Constructive notice, that is notice essentially equivalent to recordation notice, is another matter. Proof that a subsequent purchaser would have had constructive notice of the prior conveyance is sufficient to destroy the bona fide purchaser status of a trustee. See In re Euro-Swiss International Corporation, 33 B.R. 872, 882 (Bankr.S.D.N.Y.1983), citing Andy Assoc., 49 N.Y. at 424.

In New York, findings of constructive notice are made by an examination of record evidence showing a party's actual awareness of facts that would create a duty of reasonable inquiry, given all the circumstances. See In re Euro-Swiss 33 B.R. at 882

5

(Bankr.S.D.N.Y.1983), citing Andy Assoc., 49 N.Y. at 424; Wardell v. Older, 70 A.D.2d 1008 (1979); In re Hardway, 31 B.R. at 322. Reinforcing the notion that the absence of recordation notice does not preclude survival of an unrecorded encumbrance, in applying the state notice requirements for recognition of bona fide purchaser status in the context of a § 544 avoidance application, the bankruptcy code's use of the term "knowledge . . . rather than the broader term 'notice' . . . indicates that Congress did not intend to shield the trustee under § 544(a)(3) from the effect of constructive notice." In re Euro-Swiss, 33 B.R. at 881.

That the bankruptcy court carefully examined the appropriate factors in determining whether the Trustee's claim of bona fide purchaser status was defeated by constructive notice is clear from the record. See In re Lopez, 2012 WL 566265. Judge Feller found that Trustee O'Connell was on constructive notice of the First Mortgage as a result of the information disclosed in the Second Mortgage. Specifically, given the Second Mortgage's reference to the existing First Mortgage encumbrance and of its precise amount, Judge Feller properly concluded that such information put the Trustee on notice of this pre-existing obligation, notwithstanding any recording errors. Id. at 4. The bankruptcy court reasoned that those facts would "excite" the suspicion of an ordinarily prudent person and trigger an inquiry into possible adverse interests. Id. at 5. Taking those facts together, Judge Feller concluded that the Trustee could not be deemed a bona fide purchaser for the purpose of avoiding the First Mortgage encumberance. Id. at 2, 5 ("[T]o the extent a purchaser ignores those facts he would be guilty of a degree of negligence that is fatal to an assertion of bona fide purchaser status.").

The bankruptcy court's factual findings as to the constructive notice of the First Mortgage chargeable to the Trustee are manifestly correct, whether reviewed deferentially or *de novo*. Further, the bankruptcy court based its findings on the correct understanding of the law:

constructive notice is simply "what may be revealed by an examination of the record or reasonable inquiry on the basis of all circumstances." (Stip. of Facts Not in Dispute at Line 18, In re Lopez at 3). Judge Feller's controlling assessment that the facts disclosed about the First Mortgage in the language of the Second Mortgage trigger a duty of inquiry in a reasonably prudent person, and thus create constructive notice defeating the claim of a bona fide purchaser status, is compellingly correct as well.

The Trustee attacks on the law: the bankruptcy court erred, he argues, in its assessment that the Second Mortgage's language would put a putative bona fide purchaser on constructive notice of the improperly recorded First Mortgage because it is at odds with the statutory language of RPL §291-e as it applies to the insufficiency of notice of unrecorded conveyances. Derivatively, the Trustee argues that RPL § 291-e precludes the creation of a duty to inquire as to the previous unrecorded encumbrance. With no duty to inquire, there can be no constructive notice by failure to inquire.

But the Trustee's attempt to sidestep, through circular reasoning, established case law regarding the fatal effect of constructive notice on a claim of bona fide purchaser status falls flat. Essentially, the Trustee argues that there can never be constructive notice of an unrecorded conveyance. Judge Feller's decision, clearly, does not impose a novel duty of inquiry. It merely recognizes that the bona fide purchaser referenced in § 291-e cannot meet the "good faith" standard also referenced in that section, which, in situations like this, asks if objective facts revealed in a recorded document would put a reasonably prudent purchaser on notice to inquire about unrecorded encumbrances before purchasing the property and failing to make such inquiry, to take subject to the unrecorded encumbrance. Applying that standard here, given the language of the Second Mortgage referencing that a First Mortgage existed, in order to establish good

faith, the Trustee claiming bona fide purchaser status would need to inquire about the First Mortgage. Put another way, the absence of prior proper recording did not entitle the Trustee as putative purchaser to close his eyes as to what the Second Mortgage revealed. That is what the proof shows the Trustee did and what Judge Feller held. His holding, furthermore, is in complete harmony with existing precedent.

Equally, unimpressive is the Trustee's chief reliance on *Stroh v. Batavia*, decided 50 years ago. 17 A.D.2d 385, 234 N.Y.S.2d 401 (4th Dep't 1962). This case, and its interpretation of the relevant statute, has not been authoritatively followed. The bankruptcy court's reliance on the much more recent *Astoria Federal Savings and Loan v. June*, 190 A.D.2d 644, 593 N.Y.S.2d 250 (2d Dep't 1993), which rejected the claim of a bona fide purchaser by finding constructive notice where the existence of an erroneously indexed mortgage was recited in a later conveyance deed, is considerably more compelling. Both the facts and the law in *Astoria* are highly relevant, and are accurately applied, to the case at hand.

In sum, the bankruptcy court did not err when it determined that, as a matter of fact, the language of the Second Mortgage put a putative bona fide purchaser on notice that § 291-e's good faith requirement obliged inquiry and that the same Second Mortgage, therefore, also put the Trustee on constructive notice of the debtors' existing First Mortgage obligations, even though that senior encumbrance itself was not properly recorded. The bankruptcy court then correctly concluded that the Trustee did not have bona fide purchaser status with respect to the First Mortgage and that the First Mortgage obligation could not be avoided by the Trustee under Bankruptcy Code §544(a)(3). Whether or not the post-petition correction by Chase of the recording deficiency in the First Mortgage's original recording was an improper conveyance of a property interest held by the debtors' estate is immaterial, since even if the Trustee could

properly avoid the corrected recordation, the voiding of the correction does not supply a ground to extinguish the Trustee's constructive notice of the underlying encumbrance, itself. Perhaps viable in other circumstances, in these circumstances, the motion is academic as is any appeal from its denial. At bottom, the Trustee's complaint against Chase in the adversarial proceeding seeking to avoid the First Mortgage was properly decided by the bankruptcy court.

## CONCLUSION

For the reasons set forth above, the Orders of the bankruptcy court from which this appeal is taken are AFFIRMED.

The Clerk is directed to close the case.

SO ORDERED.

Dated: Brooklyn, New York
December 6, 2012

ERIC N. VITALIANO
United States District Judge